HOPPE, Respondent, vs. PETERSEN, Appellant.

*February 13—March 13, 1917.*

*Automobiles: Collision with buggy.*

In an action for injuries alleged to have been caused by defendant's negligence in running his automobile into plaintiff's buggy, a finding by the jury that plaintiff's buggy was moving away from the traveled track, to the right, when struck by defendant's automobile approaching from the rear is *held* to be sustained by the evidence.

APPEAL from a judgment of the circuit court for Kenosha county: JAMES WICKHAM, Judge. *Affirmed.*

Action to recover compensation for damages claimed to have been caused by negligence of the defendant in so managing an automobile on a public highway that it collided with plaintiff's buggy, causing injury to his property and person.

The facts, as claimed by plaintiff and testified to by his witnesses, are these: September 4, 1914, while driving with his horses and buggy along a public highway, plaintiff was approached from the rear by defendant in an automobile. Upon signal by the latter, the former turned to the right except his left hind wheel was near the right edge of the traveled track. In that situation defendant drove his automobile so that it struck the wheel of the wagon, which was just leaving the track, causing the front of the automobile to become engaged with such wheel, whereupon the horses became frightened and broke from the buggy, dragging plaintiff over the dashboard to the ground and severely injuring him.

The evidence of defendant was to this effect: He was driving his automobile at a speed of four or five miles per hour. He sounded his horn when about 150 feet from plaintiff's buggy and again when about seventy feet therefrom. In response thereto plaintiff turned to the right entirely out of

the traveled track.    There was but one track and the places where the wheels ran were some eight to twelve inches below the surface at the outer sides.    When defendant had gotten nearly to the buggy, the horses swerved toward the track and the lines were slack.    As plaintiff began to gather them up to turn the horses to the right, the left front wheel of the buggy slid into the nearby wheel track, causing the hub to collide with the fender of the automobile some twenty inches from the ground and back of the front wheel of the auto. Thereupon the horses jumped, causing the wagon hub to engage the fender and hold until the horses broke away causing the injury to plaintiff.    About the time of the collision defendant made an attempt to turn to the left but was unable to do so on account of the deep ruts in the sand.    The fender indicated that it had been shoved ahead slightly and there was an indentation on the outside of it, some two inches deep, about a foot from the running board and some twenty inches from the ground.    There were indications in the sand that the wagon went alongside of the traveled track some little distance and then that the front wheel slid into the track as before indicated.    After the collision, the hind wheel of the wagon was some eight inches from the fender of the automobile.

Both theories of the case were submitted to the jury for a special verdict, resulting in findings as follows: (1) Plaintiff's buggy was moving away from the traveled track on the right side when the collision occurred.    (2) Defendant did not exercise ordinary care in operating his machine at and prior to the time of the collision.    (3) Such failure to exercise ordinary care was the proximate cause of plaintiff's injury.    (4) He did not fail to exercise ordinary care contributing to the injury.    (5) It will require $500 to reasonably compensate him for his injury.

Judgment was rendered on the verdict in plaintiff's favor and defendant appealed.

*Geo. W. Taylor* of Kenosha, for the appellant.

For the respondent the cause was submitted on the brief of *Eberlein & Larson* of Shawano.

Marshall, J.   This appeal presents the single question of whether the finding of the jury that plaintiff's buggy was moving away from the traveled track, to the right, when the collision occurred, is supported by the evidence.   It is frankly conceded, as we understand the argument on behalf of appellant, that if such be the case, the judgment is right. The question turns on whether the evidence of plaintiff as to how the collision took place is believable, under all the circumstances.   Counsel for appellant insists that it is not, particularly on account of some physical facts.

The trial court carefully considered all the circumstances pressed upon our attention as demonstrating that the collision could not have occurred as plaintiff claimed, and came to the conclusion that the evidence was not conclusive so as to warrant taking the case from the jury.   After the verdict was rendered the matter was again carefully considered and the decision of the jury confirmed.   In that situation, by established rules, it must now appear that the trial court was clearly wrong or the judgment should be affirmed.

The evidence has been carefully considered without our being able to reach a conclusion that there was no reasonable basis for submitting the question to the jury as to whether the accident happened as claimed by respondent.

It was the duty of the plaintiff to turn to the right of the center of the beaten track so as to allow appellant the left-hand part for a free passage, and if necessary on account of the condition of the road, to stop a sufficient length of time to allow appellant to pass.   Sub. 1, sec. 1636—49*b*, Stats. There is no question but what respondent turned to the right as required and did more, and that appellant made no effort to turn out until shortly before the collision occurred.   Of

course, if respondent saw fit to give way so as to allow appellant the use of the entire track, the latter might properly take it. That is what is claimed to have been the case. Yet it is significant that, though appellant signaled to respondent when 150 feet away, the latter was so situated, when the distance was reduced to seventy feet, that a second signal was given, quite clearly indicating that the buggy was then partly in the traveled track and that appellant had a considerable space before him for turning to the left. Notwithstanding the condition of the road, there is reasonable ground for believing that, with proper effort within that space, a turnout could have been effected. Instead of making any effort in that regard, he again signaled to respondent and proceeded until shortly before the collision before trying to turn to the left.

While it is claimed that appellant made the effort to turn to the left upon observing the horses swerving toward the track, the jury might reasonably have come to the conclusion that such effort was made because the left hind wheel of the buggy was then in the wheel track, thus corroborating respondent. The circumstances that the second signal was given when appellant was within some seventy feet of the buggy, the jury might reasonably have considered as discrediting the evidence that the buggy was wholly outside the traveled track for a considerable time before the point where the collision occurred.

We might further proceed at considerable length in discussing the evidence but will rest the case with the assurance that after careful consideration of it, the conclusion has been reached that the trial court was not clearly wrong in submitting the case to the jury and confirming the result.

*By the Court.*—The judgment is affirmed.